IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL NO.   18-cv-1683-NJR-MAB |
| | : | |
| $510,910.00 IN UNITED STATES | : | |
| CURRENCY, et al., | : | |
| | : | |
| DEFENDANTS. | : | |

## UNITED STATES' MOTION TO STRIKE THE CLAIMS AND ANSWER OF STEPHEN M. KOMIE [DOCS. 7, 27 and 34]

Now comes the United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and William E. Coonan, Assistant United States Attorney, and moves pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions, to strike the claims and answer of Stephen M. Komie [Docs. 7, 27 and 34].    In support thereof, the United States offers the following information.

**Factual Background**

On May 31, 2018, Task Force Officers (TFOs) with the Drug Enforcement Administration (DEA) seized a Ford Forest River Forester Recreational Vehicle, $510,910.00 in United States currency and one Ruger LCP .380 handgun from Patrick N. Barber.

On September 4, 2018, the government filed an Amended Civil Complaint for Forfeiture *in rem* against the Ford Forest River Forester Recreational Vehicle and $510,910.00 in United States currency [Doc. 1].   The complaint specifically alleges that the $510,910.00 in United States currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which allows for the forfeiture of property which constitutes (1) money, negotiable instruments, securities and other things of

value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

Two claims were filed in the forfeiture action. On September 18, 2018, Patrick N. Barber filed a claim asserting an interest in the defendant property as "an owner and/or possessor of the properties when they were seized." [Doc. 5].   On the same date, Stephen M. Komie filed a claim on the seized currency asserting "a bonafide ownership interest in the Defendant property in that he is an owner of the property." Komie further states that "said ownership interest was obtained by assignment from Claimant Patrick N. Barber." [Doc. 7].

In support of his purported ownership interest, Komie submitted a document entitled "Assignment,' whereby Claimant Barber purported to "convey an amount $260,775.00 of my interest in the $521,550.00 of United States Currency seized by Pontoon Beach Police officers and/or Drug Enforcement Administration, and/or other law enforcement officers on May 31, 2018."   This instrument is dated June 4, 2018. [Doc. 7].

On October 16, 2018, the government filed an Amended Civil Complaint for Forfeiture *in rem* against the Ford Forest River Forester Recreational Vehicle, $510,910.00 in United States currency and one Ruger LCP .380 handgun. [Doc. 16].

Attorney Stephen Komie and Claimaint Patrick Barber again filed claims.   On December 14, 2018, Patrick N. Barber filed a claim asserting an interest in the Defendant Property as "an owner and/or possessor of the properties when they were seized." [Doc. 26].   On the same date, Stephen M. Komie filed a claim on the seized currency asserting "a bonafide ownership interest

in the Defendant property in that he is an owner of the property."   Komie further states that "Said ownership interest was obtained by assignment from Claimant Patrick N. Barber." [Doc. 27].

On January 18, 2019, Komie filed an answer to the amended complaint wherein he states that his "claim is contingent upon the success on the merits of the claim of Patrick N. Barber." [Doc. 34].

**Argument**

Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions provides that "the government may move to strike a claim…for failing to comply with Rule G(5)…or because the claimant lacks standing."   Rule G(5)(a)(i) sets forth the requirements for a claim in an asset forfeiture case, including that the claimant must "state the claimant's interest in the property." *Id.* § (a)(i)(B).   For the reasons stated below, there is no genuine dispute as to any material fact regarding Mr. Komie's purported interest in the property at issue here, and because Mr. Komie fails to identify a sound legal basis for his purported interest in the property, Mr. Komie's claims and answer should be stricken.

When a claimant asserts a purported property interest that arose "after the conduct giving rise to the forfeiture has taken place," the Civil Asset Forfeiture Reform Act (CAFRA) provides that such claimant has the burden of proving two elements by preponderance of the evidence. 18 U.S.C. §§ 983(d)(1), (d)(3).   The claimant must show that his interest in the property arose as "a bona fide purchaser or seller for value…and [he] did not know and was reasonably without cause to believe that the property was subject to forfeiture." *Id.* § (d)(3)(A).

In this case, the "conduct giving rise to the forfeiture" is use of the seized property in exchange for a controlled substance. [Doc. 16]; *see* 18 U.S.C. § 881(a)(6).   Plainly, the seizure of the property occurred after this activity—the activity provided law enforcement's basis for

3

effectuating the seizure.   Mr. Komie's purported interest, as indicated in the sole document he has submitted in support thereof, arose five days *after the seizure*, thereby implicating § 983(d). [Doc. 7].

As such, Mr. Komie's asserted claim is insufficient because it does not allege any facts to support the second element required under § 983(d), reasonable lack of knowledge that the property was subject to forfeiture.   In fact, his claims tend to suggest that he did have knowledge that the property was subject to forfeiture, because the interest he claims to own appears to be related to his services as Mr. Barber's attorney for the purpose of defending against the forfeiture. Because Mr. Komie has not carried his burden to establish himself as an innocent owner of a portion of the defendant funds, the United States respectfully urges that his claims be stricken in accordance with Supplemental Rule G(8).

In addition to Mr. Komie's failure to plead facts establishing an interest in the property, Mr. Barber lacked the authority to grant any person any interest in the property.   When property is seized in accordance with § 881(a), as was the property at issue here, the longstanding relation back doctrine holds that "[a]ll right, title, and interest in property described in subsection (a) shall vest in the United States upon commission of the act giving rise to forfeiture." 21 U.S.C. § 881(h); *see also United States v. Funds in the Amount of $574,840*, 719 F.3d 648, 650 (7th Cir. 2013) (citing *United States v. 92 Buena Vista Ave.,* 507 U.S. 111, 123-29 (1993)) ("if the cash was proceeds of sales of illegal drugs, the claimants had no rights in it"); *United States v. $157,808.97 More or Less*, 309 Fed Appx. 851 (5th Cir. 2009) (citing *92 Buena Vista Ave.*) (finding the assignment of a property interest invalid where it postdated the illegal activity because the relation back doctrine vested the interest in the United States as of the time of the

4

illicit activity).   *See also United States v. $96,480.00 in United States Currency*, Civil Case No. 15-cv-0573-MJR-PMF (S.D. Ill.) [Docs. 8 and 18].

Finally, if an attorney designates himself as a claimant and serves a request for interrogatories – as in the case at bar, the scenario becomes extremely awkward.   The United States, pursuant to reciprocal discovery, would be seeking discovery and deposition testimony from the attorney.

Because there is no dispute that Mr. Komie had no interest in the property prior to its use in violation of 21 U.S.C. § 881(a)(6), and because Mr. Komie asserts no claim that would entitle him to this property interest as an innocent owner, the United States requests that the claims and answer [Docs. 7, 27 and 34] filed by Mr. Komie be stricken.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

*/s/ William E. Coonan*
WILLIAM COONAN
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2019, I caused to be electronically filed the foregoing UNITED STATES' MOTION TO STRIKE THE CLAIMS AND ANSWER OF STEPHEN M. KOMIE [DOCS. 7, 27 and 34] with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record:

Stephen M. Komie, Esq.

*/s/ William E. Coonan*
WILLIAM E. COONAN
Assistant United States Attorney