IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| FUNDS IN THE AMOUNT OF FIVE HUNDRED TEN THOUSAND NINE HUNDRED TEN DOLLARS ($510,910.00) in U.S. CURRENCY, and ONE FORD FOREST RIVER FORESTER RECREATIONAL VEHICLE, BEARING VIN: 1FDWS9PM1GKA97463, WITH ALL ACCESSORIES, ATTACHMENTS, AND COMPONENTS THEREON, et al | ) No. 3:18-cv-1683-NJR-MAB |
| Defendants. | ) |
| PATRICK N. BARBER and STEPHEN M. KOMIE | ) |
| Claimants. | ) |

**CLAIMANT STEPHEN KOMIE'S ANSWER TO
MOTION TO STRIKE KOMIE'S CLAIM AND ANSWER**

NOW COMES Claimant, STEPHEN M. KOMIE, by and through his attorney KOMIE AND ASSOCIATES and Answers Plaintiff's Motion to Strike Komie's Claim and Answer [Doc. 35]. In support thereof, states as follows:

**Background Facts and Law Applicable**

1. Plaintiff, United States of America, has filed a Motion to Strike the Claim [Doc. 7; 27] and Answer [Doc. 34] of Stephen M. Komie. [Doc. 35.]

2. That Plaintiff has moved pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Supplemental Rule

G(8)(c). Said Rule provides, in part:

> **(8) Motions.**
>
> \*\*\*
>
> (c) Motion To Strike a Claim or Answer.
>
> > (i) At any time before trial, the government may move to strike a claim or answer:
> >
> > > (A) for failing to comply with Rule G(5) or (6), or
> > >
> > > (B) because the claimant lacks standing.
>
> (FRCP SUPP AMC Rule G.) [Emphasis added.]

3. Plaintiff's motion does not specify whether (it claims) the filings do not comply with the Rules or the Claimant lacks standing.

4. However, the Motion mentions Rule G(5) and contains a citation to same. Rule G(5) provides, in pertinent part:

> **(5) Responsive Pleadings.**
>
> (a) Filing a Claim.
>
> > (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
> >
> > > (A) identify the specific property claimed;
> > >
> > > (B) identify the claimant and state the claimant's interest in the property;
> > >
> > > (C) be signed by the claimant under penalty of perjury; and
> > >
> > > (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

(FRCP SUPP AMC Rule G.) [Emphasis added.]

5. Further relevant to this discussion is 18 U.S.C. § 983, which provides in pertinent part:

> **(d) Innocent owner defense.--**
>
> (1) An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.
>
> * * *
>
> (3)(A) With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property--
>
> > (i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and
> >
> > (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.
>
> 18 U.S.C. § 983(d). [Emphasis in original.]

## Argument

### I. Komie's Claim satisfies Rule G(5).

6. Supplemental Rule G(5)(a)(i) provides four requirements for a valid claim. (FRCP SUPP AMC Rule G(5)(a)(i)A-D.) As best as can be determined, Plaintiff does not quarrel that Komie's claim satisfies requirements (A), (C), or (D). Instead, Plaintiff focuses on requirement (B), which provides a claim must "state the claimant's interest in the property." [Doc. 35 at 3.]

7. Plaintiff admits "there is no genuine dispute as to any material fact regarding Mr. Komie's purported interest in the property." [Doc. 35 at 3.] Rather, according to Plaintiff, the problem is that "Komie *fails to identify a sound legal basis* for his purported interest in the property. . ." (*Id.*) [Emphasis added.]

8. To the contrary, even the Motion admits, Komie's claim stated the interest in the property is the result of an assignment of interest by Claimant, Patrick N. Barber. (*Id.*) Moreover, Komie's claim attached said Assignment as an exhibit to his Verified Claim. [Doc. 27.]

9. That an assignment of interest in the property **is** a sound legal basis. *(See e.g.,* 18 U.S.C. 983(d)(6) stating, "[i]n this subsection, the term "owner"– (A) **means a person with an ownership interest** in the specific property sought to be forfeited, **including** a leasehold, lien, mortgage, recorded security interest, **or valid assignment of an ownership interest**." [Emphasis added.])

10. That moreover, it should be noted that the assignment executed by Barber naming Komie as an assignee, is nothing more than a contract, which is governed entirely by State law. Plaintiff's motion not only makes no mention of this, but also fails to provide any Illinois legal authority, or even argument, which would render the contract invalid or prevent the assignment of interest. In other words, Plaintiff has forfeited this issue: namely, whether the assignment is valid under Illinois law,

which incidentally, it is. (*See e.g., Steinberg v. Chicago Medical School*, 69 Ill.2d 320, 329-31 (1977).)

11. Therefore, Komie's claim does state his valid, legal interest in the subject property in compliance with Rule G(5).

12. Indeed, even Plaintiff's Motion to Strike admits Komie's Claim satisfies all four **pleading** requirements of Rule G(5) – which is all the law *in this Circuit* requires. (*See e.g., United States v. $196,969.00 in U.S.C.*, 719 F.3d 644, 645-46 (7th Cir. 2013). ("All that (a)(1) requires is that the claim be signed under penalty of perjury, served on the government, and 'identify the specific property claimed [and] … the claimant and state the claimant's interest in the property.' ") Here, Komie's claim does all that.

13. Yet Plaintiff demands more because it misapprehends both the language of the statute and the case law.

14. According to the Plaintiff, the Court of Appeals for the Seventh Circuit is flatly wrong. Plaintiff suggests that a claim under the Supplemental Rules must not merely satisfy Supplemental Rule G(5), claimant must also prematurely plead **and prove** a merits argument as to whether the claimant is an innocent owner.

15. But as Plaintiff is fully aware, the Seventh Circuit has repeatedly rejected Plaintiff's obtuse argument. (*See id.*; *United States v. $574,840.00 in U.S.C.*, 719 F.3d 648, 651-52 (7th Cir. 2013); *United States v. $239,400.00 in U.S.C.*, 795 F.3d 639, 642 (7th Cir. 2013) ("At

the pleading stage a plaintiff need only allege, not prove, facts establishing standing.")

16. That Komie's claim fully complies with all the requirements of Rule G(5). According to the law in this circuit, satisfying the requirements of G(5) by pleading one's interest is all that is required. Therefore, the motion to strike should be denied.

## II. Plaintiff's additional arguments pursuant to Section 983 and the Relation-Back doctrine are utterly without merit and not made in good faith.

### A. The Innocent Owner provision of Section 983 only becomes applicable if Plaintiff - *first* - satisfies its burden of proof that the seized property should be forfeited.

17. It appears from Plaintiff's motion that it *believes* (despite Seventh Circuit authority to the contrary) Komie's Claim must not merely allege his legal interest in the property - which is "[a]ll that (a)(1) requires," but also satisfy the post-forfeiture, legal requirements of 18 U.S.C. § 983(d). In other words, Plaintiff says, it is not good enough that you satisfied Rule G(5) - we want you to plead and prove you are an innocent owner under Section 983.

18. No matter that Plaintiff has not pointed to a scintilla of legal authority that demands this at the pleading stage – or that, as Plaintiff is aware, our court of appeals has rejected these tired "plead and prove more than the law requires" arguments on multiple occasions. Or even that Rule G(5) makes absolutely no mention that a claimant must plead defenses

in one's claim. (FRCP SUPP AMC Rule G(5).)

19. But there are some added twists. Not only is Plaintiff's argument foreclosed by prior opinions, but here, Plaintiff is also mistaken as to the meaning of Section 983.

20. Plaintiff cites to Section 983(d), which is the Innocent Owner defense provision of the Act, and suggests a claimant must satisfy "two elements by [a] preponderance of the evidence." [Doc. 35 at 3.] Plaintiff identifies the two elements as (1) claimant is a bonafide purchaser for value, and (2) claimant neither knew nor was without reasonable cause to believe the property was subject to forfeiture. (*Id.*)

21. First, as mentioned *supra*, Plaintiff's entire argument confuses pleading with proving. Komie *pled* his Claim properly. The law does not require him to *prove* his Claim in the pleading stage. (*See e.g., $196,969.00*, 719 F.3d at 645-46.) Even Plaintiff's choice of words in its motion betrays its argument. Plaintiff states that a "claimant must show . . ." In the *pleading* stage, a party never "must show" anything at all; "showing" an element only arises during the *proving* stage of a proceeding - and this case is far from that stage.

22. Moreover, Plaintiff misunderstands the law. Even *proving* the innocent owner defense only becomes necessary **if** the government satisfies (or "shows") its burden under Section 983(c) - *first*. For "[i]t must be remembered, however, that in a civil forfeiture action the *government* is

the plaintiff, and it is the government's right to forfeiture that is the sole cause of action adjudicated. **If the government fails to meet its burden of proof** (formerly probable cause, now preponderance), **the claimant need not produce any evidence at all**—i.e., the claimant has no 'case' that he must present or 'elements' to which he bears the burden of proof." (*United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 79 (2nd Cir. 2002) (Sotomayor, J.); *See generally, U.S. v. 92 Buena Vista Ave.*, 507 U.S. 111 (1993), discussed *infra*.)

23. Plaintiff's burden *in this case*, which must be established first, requires Plaintiff to prove two propositions. (18 U.S.C. § 983(c).) First, Plaintiff must prove by a preponderance of the evidence "that there [is] a substantial connection between the property and the offense." (*Id.*) Second, Plaintiff must "establish, by a preponderance of the evidence, that the property is subject to forfeiture." (*Id.*) Until such time as Plaintiff establishes those two requirements, "claimant has no 'case' that he must present or 'elements' to which he bears the burden of proof." (*$557,933.89*, 287 F.3d at 79.)

24. But more fundamentally, even speaking of burdens of proof in the pleading stage and a motion to strike sounds silly. There is no burden of proof in the pleading stage. Hence, Komie - during the pleading stage - has no burden of proof or burden of production. And certainly, *a fortiori*, if Plaintiff has not even met its burden of proof at this point, a claimant

clearly has no burden at all. (*Id.*; *United States v. $506,231*, 125 F.3d 442, 451 (1997)(Bauer, J.) ("The claimant, of course, need not do anything to rebut the government's proof if the government's proof is insufficient to demonstrate the requisite nexus between the property and illegal narcotics activity.")[1])

25. Nonetheless, because the assignment assigns a fifty percent interest of *any* interest of Patrick N. Barber in the seized funds, according to 18 U.S.C. § 983(a), Komie must file a claim to the seized funds as an owner of said funds. Moreover, please note the specific wording of the assignment executed by Barber, which assigns, transfers, quit claims, and conveys "an amount of $260,775.00 **of my interest** in the $521,550.00 of United States Currency seized . . ." [Doc. 27 at 4.][Emphasis added.] In other words, the document assigns a portion of Barber's interest in the seized property; whatever Barber's interest in the seized property is, has yet to be determined by this Court.

**B. The Relation Back doctrine does not apply, if at all, until a judgment of forfeiture has been entered.**

26. Plaintiff claims, "Barber lacked the authority to grant any person any interest in the property." There is no legal authority cited for this assertion. Nor does any legal authority exist because it is not true. At

---

[1] Please note *$506,231.00* is a *pre*-CAFRA case decided under the less stringent probable cause standard, which has been replaced with the preponderance standard by 18 U.S.C. § 983(c).

this moment, Mr. Barber holds legal title to everything that was seized from him on May 31, 2018. This will hold true, at least, until such time as this Court enters a final judgment in this case. Thus, Barber not only did have but also continues to have the legal authority to execute the assignment of ownership.

27. The legal authority cited by Plaintiff is not on point because of an obvious distinction, which Plaintiff either fails to apprehend or just ignores.

28. 21 U.S.C. § 881(h) states: "[a]ll right, title, and interest in property described in subsection (a) shall vest in the United States upon commission of the act giving rise to forfeiture under this section."

29. Obviously, the sentence in Section 881(h) concerning vesting of title is contingent upon a finding or determination that an "act giving rise to forfeiture" occurred. Moreover, the United States Supreme Court has held that this "vesting," is not self-executing and requires a judgment of forfeiture. (*U.S. v. 92 Buena Vista Ave., et al.*, 507 U.S. 111, 125 (1993).) If this Court determines Plaintiff fails to prove by a preponderance of the evidence that such an act occurred, then *there is no forfeiture* and *title never vested in the United States*.

30. The same holds true for the case citations provided. Notably, Plaintiff cites to the statement of facts in *$574,840.00*, 719 F.3d at 650, wherein the appellate court references 21 U.S.C. § 881(a). [Doc. 35 at 4.] But this

statement is *dicta* and merely provides an explanation for the reader as to why a certain special interrogatory (related to the source of the defendant *res*) was relevant *in that case*.[2] Moreover, as is clear from Plaintiff's own quote, the statement is conditional; it begins with the word "**if**."

31. In *$574,840.00*, the appellate court cited *U.S. v. 92 Buena Vista Ave., et al.*, 507 U.S. 111 (1993). So Plaintiff does the same. But why Plaintiff does so is a mystery because the cited Supreme Court opinion completely obliterates Plaintiff's argument - and amazingly so.

32. The issue in *Buena Vista* was whether the innocent owner provision of the forfeiture statute applied to a scenario where funds (traceable to a narcotics exchange) were gifted to an individual who then purchased the subject real property with the gifted money. (*Id.* at 114-15.) She claimed to be an innocent owner. (*Id* at 116.) The government claimed the relation back doctrine applied and that claimant could not use the innocent owner defense. (*Id* at 123-24.)

33. The United States Supreme Court completely rejected the government's argument. (*Id* at 118-31.) Indeed, the opinion provides so many

---

[2] For the convenience of the Court, the statement reads: "The claimants objected to the interrogatories and flatly refused to answer several, including one that asked them to state the sources of the cash they claimed to own; if the cash was proceeds of sales of illegal drugs, the claimants had no rights in it. 21 U.S.C. § 881(a); *United States v. 92 Buena Vista Ave.,* 507 U.S. 111, 123–29, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993)." (*$574,840.00*, 719 F.3d at 650.)

dispositive quotes applicable to this case, it raises a huge question as to whether Plaintiff could credibly argue that the instant motion is even made in good faith. (*See* FRCP Rule 11(b).) For example, the Court stated:

a. "We conclude, however, that neither the amendment nor the [relation-back doctrine] makes the Government an owner of property **before forfeiture has been decreed**." (*Buena Vista*, 507 U.S. at 124.) [Emphasis added.]

b. "Because neither the money nor the house could have constituted forfeitable proceeds until after an illegal transaction occurred, the Government's submission would effectively eliminate the innocent owner defense in almost every imaginable case in which proceeds could be forfeited. It seems unlikely that Congress would create a meaningless defense." (*Id.*)

c. "Because we are not aware of any common-law precedent for treating proceeds traceable to an unlawful exchange as a fictional wrongdoer subject to forfeiture, it is not entirely clear that the common-law relation back doctrine is applicable." (*Id.* at 125.)

d. "Assuming that the [relation-back] doctrine does apply, however, it is nevertheless clear that under the common-law rule the fictional and retroactive vesting was not self-executing." (*Id.*)

e. **"Until the Government does win such a [forfeiture] judgment, however, someone else owns the property.** That person may therefore invoke any defense available to the owner of the property before the forfeiture is decreed." (*Id.* at 127.) [Emphasis added.]

f. **"The Government cannot profit from the common-law doctrine of relation back until it has obtained a judgment of forfeiture. And it cannot profit from the statutory version of that doctrine in § 881(h) until respondent has had the chance to invoke and offer evidence to support the innocent owner defense under § 881(a)(6)."** (*Id.* at 129.) [Emphasis added.]

34. As the above controlling authority unequivocally establishes, Plaintiff's argument has utterly no legal basis. Nevertheless, Claimant will briefly address Plaintiff's two other, *non-binding*, legal citations.

35. Plaintiff cites *United States v. $157,808.97 More or Less,* 309 Fed. Appx. 851 (5th Cir. 2009), a non-controlling, unpublished appellate court order. This case is not on point for at least two reasons. First, in *$157,808.97,* claimant failed to argue he was an innocent owner under 983(d)(3).[3] In other words, the appellate court did not analyze and critically discuss

---

[3] "[Claimant] did not present a § 983(d)(3) innocent-owner defense before the district court, and he offers no argument on appeal that he meets § 983(d)(3)'s conditions. As [claimant] has failed to adequately argue-much less prove-that he was an innocent owner of the after-acquired interest under § 983(d)(3), we affirm the district court's order giving 50% of the respondent currency to the Government." (*$157,808.97,* 309 Fed. Appx. at 854.)

the issue because claimant had forfeited it. Second, and more importantly, this was a case in which a forfeiture judgment *had been entered*, which significantly distinguishes it from the instant *pleading* case. Third, the appellate court affirmed the trial court's finding that the claimant in that case was not an innocent owner; there is a finding which goes to the merits - not pleading. Because we are still in the pleading phase and there has been no forfeiture judgment, there is no finding concerning whether Komie is or is not an innocent owner in this case.

36. Strangely, Plaintiff cites to another case emanating from this district without any elaboration. [Doc. 35 at 5.] The case history, to the extent it is relevant, does little to support Plaintiff's argument, however. As best as one could guess, Plaintiff is suggesting that the unpublished order *in that case* [*United States v. $96,480.00 in U.S.C.*, Case No. 15-cv-0573-MJR-PMF, Doc. 18], striking the claim *in that case* [*Id.* at Doc. 8] based on the motion filed by plaintiff *in that case* [*Id.* at Doc. 10] lends support for its argument here - *in this case* - that Komie's claim should be stricken. Plaintiff is not only mistaken, but also cannot possibly make this argument in good faith.

37. First, plaintiff in *$96,480.00* **did not file** a motion to strike Komie's claim; instead, it filed a motion to strike Hughes' claim (the primary claimant), because it essentially incorporated a claim for Komie within

its body. Thus, the order striking the claim in *$96,480.00* was striking claimant Hughes' claim; it was not striking Komie's claim.

38. Second, and more importantly, what Plaintiff fails to point out to this Court is that on the very same day plaintiff filed its motion to strike in *$96,480.00*, Mr. Komie responded by filing his own, independent claim to half of the defendant *res* - just as he has done in this case. [*Id.* at Doc. 11.] Moreover, claimant Hughes in that case filed his own *amended* verified claim shortly thereafter. [*Id.* Doc. 17.] Only after both claims were filed, did the court enter the order striking the original claim of Hughes. And the case has proceeded ever since with both Hughes' and Komie's claims on file.[4] Therefore, the case history in *$96,480.00* does not support Plaintiff's argument at all; indeed, if anything, it fully supports Claimant's position in this case.

### III. Granting Plaintiff's Motion would deprive Claimant of Due Process

39. That additionally, Plaintiff's motion implicates due process concerns of both the appellate courts and United States Supreme Court in forfeiture cases. For example, in *$506,231.00*, 125 F.3d at 454, the appellate court stated,

> We are certainly not the first court to be "enormously troubled by the government's increasing and virtually unchecked use of the civil forfeiture statutes and the disregard for the due process that is buried in those statutes."

---

[4] *$96,480.00* is still pending and awaiting trial on the merits of both Hughes **and** Komie's claims.

(*Id.*, citing *United States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896, 905 (2nd Cir.1992); *See also*, 18 U.S.C. § 983 (b).)

40. That the forfeiture statute itself contains an acknowledgment by Congress of serious due process concerns as Section 983 guarantees appointed counsel when the forfeiture is related to a criminal case or concerns real property. (*See*, 18 U.S.C. § 983(b).)

41. That it appears government's position is Claimant Barber is unable to assign any interest in the Defendant *Res*. Although as detailed above, Plaintiff has not articulated any valid, legal reason why such an assignment is not allowed and Plaintiff's legal authority does not support this contention.

42. However, in order to hire an attorney, Claimant Barber must be able to assign a portion of the Defendant *Res* as it represents the bulk of his working capital. And this is common in these forfeiture case; ordinary citizen claimants are literally left standing with the clothes on their back after the government seizes their vehicle and money. Yet they are then put in the position of David fighting Goliath. Here the government is seeking to stack the deck even more by asking this Court to deny Claimant an attorney.

43. That the Illinois Rules of Professional Conduct of 2010 authorize contingent fee agreements. (Ill. R. Prof'l Conduct (2010) R. 1.5.) This is precisely the type of fee agreement in this case. Moreover, Plaintiff has

provided no argument or legal authority that such fee agreements are not allowed.

44. That preventing a claimant from assigning a portion of the defendant *res* as a contingent fee in a civil forfeiture would result in a deprivation of due process as nearly every claimant would be unable to hire an attorney. The Court should also note that a contingent fee agreement coupled with an assignment of the defendant *res* is the customary manner in which civil attorneys are hired in these cases.

**Conclusion**

In sum, Plaintiff's Motion to Strike fails to specify any valid legal basis as to why Komie's Claim does not comply with Supplemental Rule G(5) or he lacks standing. Moreover, the Seventh Circuit has consistently rejected Plaintiff's attempts to engraft additional requirements for pleading a claim outside of the four corners of Rule G(5). Therefore, this Court should deny Plaintiff's Motion and reject its invitation to err in striking the Claim.

Second, Plaintiff's motion fails to provide any legal authority for the proposition that a claimant must prove - or even set forth allegations of fact - pertaining to the innocent owner defense embodied in Section 983(d) in the pleading stage. Rule G(5) does not specify that these allegations or defenses must appear in a claim, let alone, that a claimant must *prove* the elements of the defense during the pleading stage. Appellate case law is uniform that prior to plaintiff meeting its own burden of proof, there is no burden on a claimant

whatsoever.

Third, relatedly, Plaintiff's premature reliance on the relation-back doctrine, if even applicable in this case, provides no basis to strike an otherwise valid claim. As the United States Supreme Court has held, the relation-back doctrine, both common law or statutory, cannot work to prevent an owner of property from even mounting a defense. This doctrine *only* becomes applicable, if at all, *after* the government obtains a judgment of forfeiture under Section 983.

WHEREFORE, for all the foregoing reasons, Claimant, STEPHEN M. KOMIE, respectfully prays this Court enter an order denying Plaintiff's Motion to Strike.

                                      Respectfully submitted,

                                      STEPHEN M. KOMIE, Claimant
                                      by and through his attorneys
                                      KOMIE AND ASSOCIATES

                      By:    /s/Stephen M. Komie
                                 Stephen M. Komie

Stephen M. Komie, Esq.
Komie and Associates
One N. LaSalle Street, Suite 4200
Chicago, Illinois 60602
(312) 263-2800

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| FUNDS IN THE AMOUNT OF FIVE HUNDRED TEN THOUSAND NINE HUNDRED TEN DOLLARS ($510,910.00) in U.S. CURRENCY, and ONE FORD FOREST RIVER FORESTER RECREATIONAL VEHICLE, BEARING VIN: 1FDWS9PM1GKA97463, WITH ALL ACCESSORIES, ATTACHMENTS, AND COMPONENTS THEREON, et al | ) ) ) ) ) ) ) ) ) ) No. 3:18-cv-1683-NJR-MAB |
| Defendants. | ) ) |
| PATRICK N. BARBER and STEPHEN M. KOMIE | ) ) |
| Claimants. | ) |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, deposes and states that a true and correct copy of **Claimant Stephen M. Komie's Answer to Plaintiff's Motion to Strike** has been served upon the below named party(ies), by filing said document in the CM/ECF system on March 14, 2019.

TO:  William Coonan                    Clerk of the U.S. District Court
     Assistant United States Attorney  for the Southern District of Illinois
     Nine Executive Drive              750 East Missouri Avenue
     Fairview Heights, Illinois 62208  East St. Louis, Illinois 62201

                                           /s/Stephen M. Komie
                                           Stephen M. Komie
                                           Komie and Associates
                                           One N. LaSalle Street, Suite 4200
                                           Chicago, Illinois 60602
                                           (312) 263-2800