# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$510,910.00 IN UNITED STATES CURRENCY, ONE FORD FOREST RIVER FORESTER RECREATIONAL VEHICLE, and ONE RUGER LCP .380 HANDGUN, SN 371699695,<br><br>Defendants. | Case No. 3:18-CV-1683-NJR-MAB |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion to Strike the Claims and Answer of Stephen M. Komie filed by Plaintiff United States of America (Doc. 35). For the reasons set forth below, the motion is denied.

### BACKGROUND

On October 16, 2018, the United States filed an amended verified complaint seeking the civil forfeiture of $510,910.00 in United States currency, a Forester Recreational Vehicle with all accessories, attachments, and components, and a Ruger LCP .380 handgun, with the magazine and any and all ammunition (Doc. 16). The Government alleges the currency was furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange, or property used to facilitate a violation of 21 U.S.C. 801, *et seq.*, and, thus, is subject to forfeiture under 21

U.S.C. § 881(a)(6). The Government further alleges that the recreational vehicle "constitutes a conveyance which was used or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance" and, thus is subject to forfeiture under 21 U.S.C. § 881(a)(4). Finally, the Government asserts that the Ruger handgun is a "firearm used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance and any proceeds traceable to such property" and, as such, is subject to forfeiture under 21 U.S.C. § 881(a)(11).

Two individuals filed verified claims contesting the forfeiture. Claimant Patrick Barber asserts he has a bona fide possessory interest in the Defendant properties because he was their owner and/or possessor when they were seized (Doc. 26). Barber further avers that he irrevocably assigned all right, title, and interest to a 50 percent interest of the gross amount seized, $521,550, to his attorney Stephen Komie (*Id.*). Stephen Komie then filed his own verified claim, and later an amended verified claim, asserting a bona fide 50 percent ownership interest in the gross amount seized based on an assignment from Barber, for a total of $260,775, together with any interest or awards of attorney's fees (Docs. 7, 27). Attached to both claims is a document titled "Assignment," which purports to assign $260,775 of Barber's interest in the $521,550 seized by law enforcement to Komie. The document is signed by Barber and is dated June 4, 2018 (*see* Docs. 26, 27). Both claimants further filed answers to the amended verified complaint and a counterclaim against the United States (Docs. 33, 34).

The United States has now moved to strike the claims and answer of Stephen

Komie pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Doc. 35). Claimant Komie timely filed a response in opposition (Doc. 38).

## Discussion

**A.    Failure to Comply with Rule G(5)**

Under Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions, at any time before trial, the Government may move to strike a claim or answer that fails to comply with Rule G(5) or (6), or because the claimant lacks standing. Here, the Government does not argue that Komie lacks standing; instead, it argues only that Komie has failed to meet the requirements of Rule G(5).

Rule G(5)(a)(i) provides that a person who asserts an interest in the defendant property may contest forfeiture by filing a claim that (A) identifies the specific property claimed; (B) identifies the claimant and states the claimant's interest in the property; (C) is signed by the claimant under penalty of perjury; and (D) is served on the government attorney. Rule G(5)(a).

The United States asserts that Komie has not met the requirements of Rule G(5)(a)(i)(B) because he has failed to identify a sound legal basis for his purported interest in the property. Specifically, the Government argues that under the Civil Asset Forfeiture Reform Act (CAFRA), when a claimant asserts a purported property interest that arose "after the conduct giving rise to the forfeiture has taken place," he must show that his interest arose as "a bona fide purchaser or seller for value . . . and [he] did not know and was reasonably without cause to believe that the property was subject to forfeiture."

18 U.S.C. § 983(d)(3)(A) (the "innocent owner" defense).

In this case, the "conduct giving rise to the forfeiture" is the use of the seized property in exchange for a controlled substance. Because the seizure occurred on May 31, 2018, the conduct giving rise to it clearly was sometime before May 31, 2018 (Doc. 16). Because Barber's interest in the property was assigned to Komie on June 6, 2018, *after* the conduct giving rise to the forfeiture took place, Komie cannot show that he did not know or was reasonably without cause to believe that the property was subject to forfeiture, as required by 18 U.S.C. § 983(d)(3)(A). Moreover, the Government argues, the interest Komie claims to own is related to his services as Barber's attorney for the purpose of defending *against the forfeiture*. Accordingly, because Komie knew the property was subject to forfeiture, Komie cannot prove that he is an "innocent owner" of a portion of the seized funds.

In response, Komie argues that he has met all requirements for a valid claim under Supplemental Rule G(5)(a)(i), in that his interest in the property is the assignment attached as an exhibit to his Verified Claim. Komie cites to *United States v. $196,969.00 United States Currency*, in which the Seventh Circuit Court of Appeals held that all Rule G(5)(a)(1) requires is that the claim be signed under penalty of perjury, served on the government, identify the specific property claimed and the claimant, and state the claimant's interest in the property. 719 F.3d 644, 646 (7th Cir. 2013).

The Court agrees that the Government has acted prematurely. Rule G(5) does not require Komie to plead—much less *prove*—that he has a "valid, legal interest" in the property. Rather, the plain language requires only that he "state" his interest in the

property. *See id.* (holding that even a "bald assertion" of ownership complies with rule G(5)). In *United States v. Funds in the Amount of $239,400*, the Seventh Circuit explained that "satisfying procedural requirements—not demonstrating 'legitimate' ownership—is all that Rule G asks of claimants aside from showing constitutional standing." *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 643 (7th Cir. 2015). The Court of Appeals further stated that whether a claim is "legitimate" is "a merits question, and presumably one for a jury to decide." *Id.* at 647.

Here, Komie's Verified Claim identifies the $510,550 seized by law enforcement as the property claimed, identifies the claimant and states his 50 percent interest in the property, is signed by Komie under penalty of perjury, and was served on the Government attorney. Thus, Komie has met the procedural requirements of Rule G(5), and the Court declines to strike his claim and answer on this basis.

**B.     Relation Back Doctrine**

The Government next argues that Barber lacked authority to grant Komie interest in the property under the relation back doctrine. That doctrine provides that when property is seized in accordance with 21 U.S.C. § 881, "[a]ll right, title, and interest in property described in subsection (a) shall vest in the United States upon commission of the act giving rise to forfeiture." 21 U.S.C. § 881(h). Here, because all interest in the property vested in the United States on May 31, 2018, Barber could not have assigned any right to it on June 6, 2018.

In response, Komie argues that the relation back doctrine does not apply until the Court enters a final judgment of forfeiture. Komie cites to *United States v. 92 Buena Vista*

*Ave.*, 507 U.S. 111, 125 (1993), in which the Supreme Court concluded that neither the statute nor the common law relation back doctrine "makes the Government an owner of property before forfeiture has been decreed." 507 U.S. at 124. Indeed, in *Buena Vista*, the Supreme Court noted that allowing property to become Government property the exact moment that an illegal transaction occurs would eviscerate the innocent owner defense. *Id.* Ultimately, the Supreme Court concluded:

> The Government cannot profit from the common-law doctrine of relation back until it has obtained a judgment of forfeiture. And it cannot profit from the statutory version of that doctrine in § 881(h) until respondent has had the chance to invoke and offer evidence to support the innocent owner defense . . . .

*Id.* at 129; *see also United States v. Real Prop. Located at 265 Falcon Rd., Carbondale, Williamson Cty., Ill.*, No. 08-700-JPG, 2009 WL 1940457, at *4 (S.D. Ill. July 7, 2009) ("Congress clearly intended to provide innocent owners an opportunity to stake their claim to otherwise forfeitable property before the title vests.").

Based on this authority, the Court agrees with Komie that the relation back doctrine has no application unless and until the Government has obtained a judgment of forfeiture. Until that time, Komie should be given an opportunity to prove the innocent owner defense.

**C.      Attorney Involvement**

Lastly, the Government argues that this litigation will become "extremely awkward" if an attorney designates himself as a claimant, as the United States would be seeking discovery and deposition testimony from the attorney. The United States, however, has presented no legal authority indicating such an arrangement is improper.

Accordingly, the Court finds no merit to this argument.

## Conclusion

For these reasons, the Motion to Strike the Claims and Answer of Stephen M. Komie filed by Plaintiff United States of America (Doc. 35) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** August 23, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**