IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 18-1683-NJR |
| | ) | |
| $510,910.00 IN UNITED STATES | ) | |
| CURRENCY, *et al*., | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO CLAIMANT'S
MOTION FOR INTERLOCUTORY SALE**

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and William E. Coonan and Adam E. Hanna, Assistant United States Attorneys, responds to Claimant's Motion for Interlocutory Sale (Doc. 53) as follows:

1. The Parties Agree that Interlocutory Sale is Appropriate

As noted in the Claimant's motion, the United States agrees that an interlocutory sale of the recreational vehicle should be held. In light of the expense of storing and maintaining the vehicle, it is reasonable to sell the RV and hold the proceeds pending the outcome of this case pursuant to Supplemental Rule G(7)(b)(iv).

2. The United States Marshals Service is Best Positioned to Conduct the Sale

Rule G(7)(b)(ii) allows an interlocutory sale of property "a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." The plain text of the rule grants the Court wide latitude in selecting the appropriate party to make the sale. In this case, the United States Marshals Service is best suited to conduct the sale. The

USMS has a contractor who specializes in such sales. The contractor, Apple Auctioneering Co., is equipped to conduct an online auction with a broad audience, and can also prepare the RV for sale. Apple's website, https://www.appleauctioneeringco.com/, demonstrates their marketing capabilities. A list of current USMS vehicle auctions ending on July 13, 2020 is available here: https://appletowing.hibid.com/catalog/219742/u-s--marshals--nationwide--online-auction--ending-7-13-2020/. Under the USMS contract with Apple, the commission is set at 7.5 percent.

The vehicle at issue is equipped with an aftermarket locking compartment that was used to transport $510,910 in United States currency. In a related case, Judge David R. Herndon noted that it was not "unreasonable at this point to believe that the compartment may be used to facilitate transportation of drugs." *In re Seizure of One 2018 Forest River Forester 2391 Recreational Vehicle*, No. 18-MC-0039-DRH, 2018 WL 3795939, at *4 (S.D. Ill. Aug. 9, 2018). The Government is strongly opposed to the transfer of this vehicle without total assurance that it has been stripped of the locked compartment which makes it useful for drug traffickers and money couriers. A sale by the Marshals Service ensures that this compartment will be removed in advance of the sale, and the removal will be accomplished for a fixed cost, estimated between $250.00 and $325.00, by the USMS contractor.

3. A Public Auction is the Most Fair and Transparent Way to Conduct the Sale

Rule G(7) gives the Court great discretion in determining *who* should conduct the sale. But sale procedures are governed by statute unless all parties agree otherwise. Supplemental Rule G(7)(b)(iii) provides that "[t]he sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures."

Under 28 U.S.C. §§ 2001 and 2004, the property must be sold "at public sale…upon such terms and conditions as the court directs." Alternatively, the Court may "order the sale of [the

property] at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby." 28 U.S.C. § 2001(b). However, such a private sale can only be confirmed after an appraisal of the property by three disinterested people. *Id.* The price must be at least two-thirds of the appraised value in order for the Court to confirm the private sale. *Id.* The statute is silent as to who may conduct the sale. *See Deutsche Bank Nat'l Tr. Co. v. Ball*, No. 10-cv-0872-MJR, 2012 U.S. Dist. LEXIS 61755, at *3 (S.D. Ill. May 3, 2012).

The Claimant's proposal is based on a conversation with a Camping World RV salesman, who may be knowledgeable about the sales practices and book values of RVs sold within a dealership. However, it is not at all clear that this salesman is qualified to opine as to the value that this vehicle would fetch at a government auction conducted by a company which specializes in the sale of seized assets. Even if an auction is likely to bring less than a retail sale, the USMS contractor will permit a reserve price to be set to ensure that the RV does not sell at a bargain-basement price.

Moreover, it is not at all certain that a RV dealership such as Camping World is willing or equipped to act as an officer of this Court in selling the vehicle. As noted above, 28 U.S.C. § 2001(b) requires the Court to obtain an appraisal of the property and confirm a sale. Would a retail purchaser of a recreational vehicle want to wait days or weeks for a sale confirmation order? It seems more likely that a purchaser at Camping World would want to load up his or her new purchase and head for a campground by the weekend.

4.  <u>Claimant's Proposal Creates Logistical Problems with No Guarantee of a Higher Sale Price</u>

Claimants say nothing in their motion about the transaction costs that would be incurred under their proposal. How much of a commission would their RV dealership demand? How would

the Court ensure that the proceeds of the sale flow back to the United States to hold pending the outcome of this case? Who is responsible if the RV is damaged while in the dealership's custody?

What the Claimants ask is problematic from the Government's perspective because it requires the USMS to relinquish possession of the vehicle to a third party, despite the asset being "under arrest." *See* Doc. 36. If Claimant Barber holds the certificate of title and the USMS surrenders possession of the vehicle, it is at risk of being sold or transferred to a bona fide purchaser without knowledge of the forfeiture proceedings. The Claimant's proposal, in its vague outline, would require the Government to hand over the RV without any custodian accountable to the Court for loss or damage. This is a significant risk, especially in light of the fact that there is no assurance that the sale price will be any greater than could be achieved at auction.

That is not to say that an arrangement with a court-appointed receiver or commissioner would never be workable. But such an arrangement would also have costs, and those costs may consume the retail premium that Claimants seek with their motion. In short, a private sale adds complexity and complications to this matter without any guarantee that they are worth it.

5.     Conclusion

For the reasons described above, the United States asks the Court to grant in part and deny in part Claimant's motion for interlocutory sale. The Court should order the RV to be advertised for public sale by the United States Marshals Service through its contractor.

UNITED STATES OF AMERICA

STEVEN D. WEINHOEFT
United States Attorney

*/s/ William E. Coonan*
WILLIAM E. COONAN
ADAM E. HANNA
Assistant United States Attorneys
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
618.628.3700 telephone
E-mail:  Liam.Coonan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2020, I caused to be electronically filed the foregoing:

## UNITED STATES' RESPONSE TO CLAIMANT'S
## MOTION FOR INTERLOCUTORY SALE

with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record:

Stephen M. Komie, Esq.

*/s/ William E. Coonan*
WILLIAM E. COONAN
Assistant United States Attorney