IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>$510,910.00 IN UNITED STATES CURRENCY, ONE FORD FOREST RIVER FORESTER RECREATIONAL VEHICLE, and ONE RUGER LCP .380 HANDGUN, SN 371699695,<br><br>  Defendants. | Case No. 3:18-CV-1683-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Pending before the Court is the Motion for Interlocutory Sale of Defendant 2018 Forest River Forester Recreational Vehicle filed by Claimant Patrick N. Barber (Doc. 53). The United States agrees the Defendant Recreational Vehicle (RV) should be sold, but disagrees as to the method of sale (Doc. 57). While Claimant Barber wants the RV to be sold by private sale, the United States prefers a sale performed by the United States Marshal. The Court held a hearing on the matter on July 7, 2020.

  Pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a court may order an interlocutory sale of all or part of a property that is the subject of a forfeiture action if one of four conditions is satisfied:

  (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;

  (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;

      (C) the property is subject to a mortgage or to taxes on which the owner is in default; or

      (D) the court finds other good cause.

*See* FED. R. CIV. P. Supp. G(7)(b)(i). "A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates." FED. R. CIV. P. Supp. G(7)(b)(ii). The proceeds of the sale are then substitute *res* subject to forfeiture in place of the property that was sold. The proceeds are to be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action. FED. R. CIV. P. Supp. G(7)(b)(iv).

      After hearing argument from counsel, the Court agrees that the interlocutory sale of the Defendant RV is appropriate due to its depreciation in value, the current market for recreational vehicles, and the expense of storing and maintaining the vehicle. The Court further agrees with the United States that the sale should be conducted by the United States Marshals Service through its contractor, Apple Auctioneering Co. Apple Auctioneering can conduct an online auction with a broad audience and can prepare the RV for sale, including removing the aftermarket locking compartment used to transport $510,910 in United States currency. Furthermore, an auction by the United States Marshal will be the most efficient method of selling the RV, given the procedural difficulties that would arise with ensuring the sale proceeds flow back to the United States to hold in an interest-bearing account, determining who is responsible if the RV is damaged while in another person's custody, and the potentially lengthy confirmation process that a private sale must undergo.

Given that the sale is being conducted, in part, to obtain the highest proceeds for the vehicle, the Court further finds that a reserve price shall be set at no less than 75 percent of the RV's retail value at the time of the sale. If the United States is unable to sell the RV given this condition of sale, then it shall promptly notify the Court.

In light of the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion for Interlocutory Sale of the 2018 Forest River Forester Recreational Vehicle filed by Claimant Patrick N. Barber (Doc. 53) and **ORDERS** as follows:

1. The United States Marshals Service and its contractor, Apple Auctioneering Co., are hereby authorized to sell Defendant 2018 Forest River Forester Recreational Vehicle bearing VIN: 1FDWS9PM1GKA97463, along with all accessories, attachments, and components by public sale as soon as practicable pursuant to the following terms and conditions:

    a. The United States Marshals Service or its contractor, Apple Auctioneering Co., shall conduct the sale of the RV by an online public auction;

    b. The RV shall be sold in "as is" condition, as of the time of the auction;

    c. Apple Auctioneering Co. shall set a reserve price not less than 75 percent of the retail value of the RV at the time of the sale. If the Government is unable to comply with this condition of sale, then it shall promptly notify the Court and seek appropriate relief;

    d. The Government is authorized to deduct from the sale of the Defendant RV the Government's costs and expenses in connection with the sale of the RV, including a commission paid to Apple Auctioneering Co. not to exceed 7.5 percent, as well as all reasonable and ordinary costs necessary to prepare the Defendant RV for auction;

    e. The Government may, in its sole discretion, reject any offer to purchase the Defendant RV where it determines the offer is being made by, on behalf of, or in conjunction with a person or entity involved in the criminal activity alleged in the Government's Complaint for Forfeiture.

2. The remaining proceeds from the sale of the Defendant RV shall be substituted for the Defendant RV as the *res* in this civil forfeiture action and deposited into the United States Marshals Services' Seized Assets Deposit Fund, which is an interest-bearing account, for further disposition in accordance with further orders issued by this Court.

3. Upon delivery of the net proceeds from the sale to the Seized Assets Deposit Fund, the Government shall file a notice with the Court setting forth the amount that has been deposited as the substitute *res*.

**IT IS SO ORDERED.**

**DATED:** July 8, 2020

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**